# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01372-KMT

THERESA JORDAN, individually and on behalf of the
Proposed Colorado Rule 23 Class,

    Plaintiff

v.

MAXIM HEALTHCARE SERVICES, INC.,

    Defendant.

___

## STIPULATED PROTECTIVE ORDER
___

**THIS MATTER** is before the Court on the "Joint Motion for Entry of Stipulated Protective Order" (Dkt. 38) filed by Plaintiff, Theresa Jordan ("Plaintiff"), and Defendant, Maxim Healthcare Services, Inc. ("Defendant"). Good cause appearing, the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, *Gillard v. Boulder Valley School District RE-2*, 196 F.R.D. 382, 385 (D. Colo. 2000) (discussing that a court may enter a protective order "[u]pon a showing of good cause" and when "justice so requires"), and the Health Insurance Portability and Accountability Act ("HIPAA") standards for disclosures for judicial and administrative proceedings, 45 C.F.R. §164.512, **ORDERS** as follows:

    1.    **Scope.** All documents produced in the course of discovery concerning confidential information and personal health information (as set forth below), including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other

materials that may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "HIPAA CONFIDENTIAL MATERIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document. The designation of any material as confidential does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents That May be Designated Confidential.**

(a) Any party may designate documents as confidential upon making a good faith determination that the documents contain information protected from disclosure by statute or that they should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial, business, or financial information that is not publicly available.

(b) In addition, as a "Covered Entity" under HIPAA, as that term is defined in the Standards for Privacy of Individually Identifiable Health Information ("Privacy Rule") at 45 C.F.R. §160.103, and pursuant to other applicable federal and state laws, Defendant is obligated to protect its clients' Personal Health Information ("PHI"), as defined under the Privacy Rule at 45 C.F.R. §160.103, in accordance with the Privacy Rule and the Security Standards Regulations ("Security Rule"), *see* 45 C.F.R. Parts 160 and 164, as well as other confidential information, from unauthorized disclosure and use. Disclosure and use of PHI is authorized only under

certain conditions specified in the Privacy Rule and Security Rule. The Privacy Rule and Security Rule allow the use and disclosure of PHI under these circumstances, provided the parties stipulate to, and a court orders, a "Qualified Protective Order." 45 C.F.R. §§164.512(e)(1)(ii)(B) and 164.512(e)(1)(iv)(A). A "Qualified Protective Order" is an order that prohibits the use or disclosure of PHI for any purpose other than the litigation for which such information was requested, and requires the return of documents (and all copies) containing PHI at the conclusion of the litigation. 45 C.F.R. § 164.512(e)(1)(v). The parties agree, and the Court finds, that under the circumstances set forth in this Order, the parties are permitted to request, disclose, or use Defendant's clients' PHI in the above-referenced litigation to obtain relevant information regarding Plaintiff's claims or Defendant's defenses. Any party may designate documents or categories of documents containing PHI as confidential. In agreeing to this Order, however, neither party waives any objection to the request, disclosure, or use of PHI or any other confidential material covered by this Order pursuant to the Federal Rules of Civil Procedure.

  4. **Depositions.** Either Party may designate all or a portion of any deposition testimony as Confidential. Thereafter, the deposition transcripts and any portions so designated shall be protected as and marked as confidential. Any testimony that describes a document or reveals information that has been designated as confidential shall also be deemed to be designated as confidential.

  5. **Protection of Confidential Material.**

   (a) **General Protections.** Documents designated confidential under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons

3

identified below for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

      (b)   **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any confidential documents or information to any third person or entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated as confidential:

      (i)   **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

      (ii)   **Parties.** Parties and employees of a party to this Order;

      (iii)   **Court Staff, Prospective Jurors and Jurors.** Court staff, jurors, prospective jurors and any other persons associated with the Court administration;

      (iv)   **Court Reporters, Copy Services and Recorders.** Court reporters, copy services, and recorders engaged for depositions;

      (v)   **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of and Agreement to Be Bound by Stipulated Protective Order; and

      (vi)   **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of and Agreement to Be Bound by Stipulated Protective Order.

      (c)   **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as confidential

pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as confidential under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "HIPAA CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if such words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents, provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) **Inadvertent Production.** Inadvertent or unintentional production or disclosure of any document or information containing confidential or privileged information shall be governed by Fed. R. Evid. 502(d).

6. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other privilege. Further, inadvertent production of privileged information shall not waive any privilege. If privileged information is inadvertently produced, the recipient agrees that upon discovery of the inadvertently produced material or request from the producing party, it/she shall promptly return all copies of documents containing the privileged information to the producing party, delete any versions of the

documents containing the privileged information on any computer, database, or filing system it/she maintains, and make no use of the privileged information whatsoever.

7. In the event that either party or its/her counsel obtain information from a third party that it/she believes in good faith to be confidential, it/she may designate such information or document as confidential pursuant to this Order and it shall be treated as such in accordance with this Order.

8. **Filing of Confidential Documents or Information Pursuant to D.C.COLO.LCivR 7.2.** To the extent that a brief, memorandum or pleading references any document marked as confidential or containing PHI, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under restriction without disclosing the contents of any confidential information or PHI.

(a) Before any document designated confidential is filed under restriction, the filing party shall first consult with the party that originally designated the document as confidential to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court without restriction pursuant to D.C.COLO.LCivR 7.2.

(b) Where agreement is not possible or adequate, before a confidential document is filed, the party seeking to file the confidential document shall follow the procedures set forth in D.C.COLO.LCivR 7.2 governing the filing of documents under restriction.

(c) To the extent that it is necessary for a party to discuss the contents of any confidential information or PHI in a written pleading, then the party seeking to file such portion of the pleading shall move the Court to file such information under restriction pursuant to

D.C.COLO.LCivR 7.2, unless the designating party agrees in writing that the information may be filed without restriction. Any party seeking to include confidential information or PHI in a written pleading, shall prepare two versions of the pleading, a public and a confidential version. The public version shall contain a redaction of references to confidential information, PHI, and confidential documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Court under the procedures set forth in D.C.COLO.LCivR 7.2.

        9.      **Challenges by a Party to Designation as Confidential.** Any confidential designation is subject to challenge by any party. A party may object to the designation of particular confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to initiate the Magistrate Judge's procedures for discovery disputes, including, if permitted, the filing of an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such discovery dispute procedures are timely initiated, the disputed information shall be treated as confidential under the terms of this Order until the Court rules on a permitted motion or the dispute is otherwise resolved by agreement of the parties. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Order. In connection with a motion filed under this provision, the party designating the information as

confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

10. **Use of Confidential Documents or Information at Trial.** If a party intends to present at trial confidential documents or information, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Additional Restrictions For HIPAA Confidential Material.** Documents containing PHI shall be subject to the following additional restrictions:

(a) PHI as defined by the Privacy Rule, *see* 45 C.F.R. §160.103, includes individually identifying health information about any of Defendant's current or former clients that directly or indirectly identifies an individual, including, but not limited to, the full name of the client, the residential address of the client, any type of contact information of the client (including but not limited to phone numbers, email addresses or mailing addresses), the names or contact information of the client's family members, the Social Security number of the client, and all medical records or other medical information related to the client. All of the foregoing shall be considered HIPAA Confidential Material for purposes of this Order.

(b) Any declaration or affidavit filed by the parties in this action shall not disclose any HIPAA Confidential Material. Any current or former client of Defendant shall be identified in such declarations or affidavits filed in the Court by a fictitious name only.

Plaintiff's counsel shall provide to Defendant's counsel the real first name and last initial of the client upon filing of the declaration or affidavit.

(c)  No documents that contain HIPAA Confidential Material shall be filed with the Court, unless the PHI and other identifying information (as set forth in Paragraph 8 above) is redacted or the documents are filed under restriction pursuant to D.C.COLO.LCivR 7.2.

(d)  The parties, their counsel, and putative class members will not contact any client of Defendant to whom Defendant is providing, or has provided, healthcare services, regarding the subject matter of this lawsuit without first reviewing the disclosure statements agreed upon by the parties below with such client(s). This Paragraph 11(d) shall not apply to any subpoena(s) served pursuant to Federal Rule of Civil Procedure 45.

(e)  Any HIPAA Confidential Material disclosed in this action shall be used solely for purpose of this action, and unless the Court rules otherwise, such information shall not be disclosed to any person other than the persons listed in Paragraph 5(b) of this Order. All such HIPAA Confidential Material shall be returned or destroyed at the conclusion of this litigation pursuant to Paragraph 12.

12. **Obligations on Conclusion of Litigation.**

(a)  **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)  **Return of Confidential Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as confidential under this Order, including copies as defined above, shall be returned to the producing party unless: (1)

the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated confidential, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be confidential under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use confidential documents.

(c) **Return of Documents Filed Under Restriction.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under restriction pursuant to D.C.COLO.LCivR 7.2.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED this 9th day of October, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

WE SO STIPULATE AND AGREE TO ABIDE
BY THE TERMS OF THIS ORDER:


s/ G. Tony Atwal_____   s/ Erin L. Sokol_____
G. Tony Atwal (MN Bar No. 331636)          Erin L. Sokol
Jacob R. Rusch (MN Bar NO. 391892)         Joseph L. Lambert
Johnson Becker, PLLC                       Hogan Lovells US LLP
33 South Sixth Street, Suite 4530          Two North Cascade Avenue, Suite 1300
Minneapolis, MN  55402                     Colorado Springs, CO  80903
Telephone:  (612) 436-1904                 Telephone:  (719) 448-5900

Robert E. DeRose (OH Bar No. 0055214)      Joyce E. Taber
Robi J. Baishnab (OH Bar No. 0086195)      Amanda C. Dupree
Barkan Meizlish Handelman Goodin           Andrew G. Sakallaris
DeRose Wentz, LLP                          Matthew J. Sharbaugh
250 East Broad Street, 10th Floor          Morgan, Lewis & Bockius LLP
Columbus, OH  43215                        1111 Pennsylvania Avenue, NW
Telephone:  (614) 221-4221                 Washington, DC 20004
                                           Telephone:  (202) 739-3000


ATTORNEY FOR PLAINTIFF AND THE             ATTORNEYS FOR DEFENDANT
PROPOSED COLORADO RULE 23 CLASS            MAXIM HEALTHCARE SERVICES, INC.

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01372-KMT

THERESA JORDAN, individually and on behalf of the
Proposed Colorado Rule 23 Class,

    Plaintiff

v.

MAXIM HEALTHCARE SERVICES, INC.,

    Defendant.

---

**ACKNOWLEDGMENT OF AND AGREEMENT TO BE BOUND
BY STIPULATED PROTECTIVE ORDER**

---

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Court in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use documents designated confidential in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

2

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____

Signature: _____

2

\\CS - 035992/000004 - 237451 v2

3

[PLAINTIFFS' COUNSEL]

_____
(Witness Name)

_____
(Witness Address)

We are lawyers who represent_____. He/She has filed a lawsuit against Maxim Healthcare Services, Inc. for overtime pay. Speaking with us will not affect your services or care from Maxim.

We would like to ask you some questions that might assist the court or jury in deciding his/her case. You are under no obligation to speak with us at this time.

Would that be Ok?

I am the attorney who interviewed the individual whose name appears on this form. Prior to conducting the interview, I read the above statement to the individual.

_____
Attorney

_____
Date

3

4

[DEFENDANT'S COUNSEL]

_____

(Witness Name)

_____

(Witness Address)

We are lawyers who represent Maxim Healthcare Services, Inc. _____ has filed a lawsuit against Maxim for overtime pay. Speaking with us will not affect your services or care from Maxim.

We would like to ask you some questions that might assist the court or jury in deciding his/her case. You are under no obligation to speak with us at this time.

Would that be Ok?

I am the attorney who interviewed the individual whose name appears on this form. Prior to conducting the interview, I read the above statement to the individual.

_____

Attorney

_____

Date

4