IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–01372–KMT

THERESA JORDAN, individually and on behalf of the Proposed Colorado Rule 23 Class,

      Plaintiff,

v.

MAXIM HEALTHCARE SERVICES, INC.,

      Defendant.

---

## ORDER

---

    This matter is before the court on "Defendant's Motion to Dismiss Plaintiff's Class Claim or, in the Alternative, to Strike Plaintiff's Class Claim."  (Doc. No. 15 ["Mot."], filed July 2, 2015.)  Plaintiff filed a response (Doc. No. 22 ["Resp."], filed July 27, 2015), to which Defendant replied.  (Doc. No. 24 ["Reply"], filed August 13, 2015.)

### STATEMENT OF THE CASE

    Plaintiff was a certified nursing assistant employed by Defendant from February 2007 to December 2013.  (Doc. No. 4 ["Comp."] at 2).  Defendant is a for-profit healthcare services company that provides its customers with in-home personal care and management and/or treatment of a variety of medical and non-medical conditions.  (*Id.*)  While employed by Defendant, Plaintiff was paid on an hourly basis and was not paid overtime compensation.  (Comp. at 4-5.)  Defendant does not pay overtime wages to any of its employees who fall under

the broad term of home health workers.  (Comp. at 4-5.)  Plaintiff alleges that under the Colorado

Wage Act ("CWA"), Defendant was required to pay her and similar employees overtime

compensation.  (*See generally* Comp.)

Plaintiff brings this matter as a class action on behalf of herself and "all individuals who

are or have been employed by Defendant as hourly paid home health care workers, or other job

titles performing similar job duties, to provide in-home domestic services in Colorado and were

not paid" overtime compensation.  (Comp. at 5.)  Defendant has moved to dismiss Plaintiff's

class action claim.

As explained in detail below, the case turns on the interpretation of the CWA's

"companion" exemption, 7 Colo. Code Regs. § 1103-1.5, which exempts certain employees

providing home health care services from overtime protections.  Defendant contends the

exemption applies to Plaintiff and the potential class members.  Plaintiff counters that, according

to the plain language of the exemption, it applies only to companion employees that are

employed by households or family members and not those employed by third parties, such as

Defendant.

## LEGAL STANDARDS

### *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the

parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679-81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]'

3

devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads

facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the

complaint itself, but also attached exhibits and documents incorporated into the complaint by

reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

"[T]he district court may consider documents referred to in the complaint if the documents are

central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.*

(internal quotations omitted).

## ANALYSIS

The CWA does not contain a specific overtime requirement. Instead, Colorado's

overtime requirements are established by the Colorado Division of Labor ("DOL") through a

regulatory enactment known as a "Minimum Wage Order." *See* Colo. Rev. Stat. §§ 8-6-104, -

106, -108.5. The current version, Minimum Wage Order 32, became effective on January 1,

2016. 7 Colo. Code Regs. § 1103-1.[1] 7 Colo. Code Regs. § 1103-1:4 requires that all employers

provide overtime compensation to employees that work in excess of 40 hours in one work week

or in excess of 12 hours in one day at a time-and-a-half rate. However, 7 Colo. Code Regs. §

1103-1:5 provides certain exemptions from the CWA's overtime requirements:

> The following employees or occupations, as defined below, are exempt from all
> provisions of Minimum Wage Order No. 32: administrative, executive/supervisor,
> professional, outside sales employees, and elected officials and members of their
> staff.  Other exemptions are: ***companions, casual babysitters, and domestic***
> ***employees employed by households or family members to perform duties in***

---

[1] The current Minimum Wage Order does not materially differ from the previous Minimum
Wage Orders in effect during time-periods relevant to this lawsuit.

> ***private residences***, property managers, interstate drivers, driver helpers, loaders or mechanics of motor carriers, taxi cab drivers, and bona fide volunteers. Also exempt are: students employed by sororities, fraternities, college clubs, or dormitories, and students employed in a work experience study program and employees working in laundries of charitable institutions which pay no wages to workers and inmates, or patient workers who work in institutional laundries.

*Id.* (emphasis provided).[2]  As noted, Defendant contends that the companion exemption applies to Plaintiff and the proposed class members and therefore, Defendant was not required to pay them overtime compensation.  Plaintiff disagrees.

As the parties noted in their briefing, this court recently issued an order in a case very similar to this one and in which District Judge Christine M. Arguello concluded that the CWA's companion exemption does not apply to third party employers, such as Defendant.  *Kennett v. Bayada Home Health Care, Inc.*, __ F. Supp. 3d __, 2015 WL 5608132 (D. Colo. 2015).  As explained below, after careful consideration of the applicable law and arguments of the parties, the court herein has reached the same conclusion.

"Defendant bears the burden of demonstrating that a particular employee 'plainly and unmistakably' qualifies for an overtime exemption."  *Kennett,* 2015 WL 5608132, at *5 (quoting *Chase v. Farmers Ins. Exch.*, 129 P.3d 1011, 1014-15 (Colo. App. 2004)).  Defendant must first establish that "companion" under the CWA encompasses Plaintiff and the other proposed class members.  Though the section of the CWA entitled, "Definitions," defines various other categories of exempt employees, including but not limited to "administrative employee," "professional," and "outside salesperson," it does not contain a definition for "companion."  *See* 7 Colo. Code Regs. § 1103-1:2.  However, as both parties note, *see* Resp. at 10 & Reply at 6, the

---

[2] The court will refer to the highlighted portion of the regulation as the "companion exemption."

5

Colorado DOL has included a definition of "companion services" in an Advisory Bulletin and Resource Guide that provides:

> Companions are exempt from all provisions of Wage Order 28 pursuant to Section 5.  Companionship services may be generally defined in the following manner: services which provide fellowship, care and protection for a person, who due to advanced age or physical or mental conditions cannot care for his or her own needs.  Such services may include meal preparation, bed changing, washing of clothes, and other similar services.  The companion performs the service for the aged or infirm person and not generally to other persons.

*See* https://www.colorado.gov/pacific/sites/default/files/Advisory%20Bulletins.pdf (accessed March 11, 2016).

In her Complaint, Plaintiff describes her and the proposed class members' employment as providing Defendant's "customers with in-home personal care and management and/or treatment of a variety of medical and non-medical conditions."  (Comp. at 2.)  More specifically, Plaintiff states that their job duties include, but are not limited to, "meal preparation and service; cleaning rooms; shopping for groceries and other items; making beds; washing clothes; washing dishes; mopping/vacuuming floors; dusting; taking out trash; doing errands outside of the home; attending medical and other appointments; maintaining personal hygiene; and conducting mobility exercises."  (Comp. at 4.)  The court finds that the Colorado DOL's definition of companion encompasses the employment of Plaintiff and the proposed class.

Having found that Plaintiff is a companion under the CWA, Defendant must establish that the companion exemption applies to third party employers.  In its Motion, Defendant's request for dismissal was based upon a presumption that the CWA's companion exemption applies to third party employers.  In response, Plaintiff raised the issue that it does not apply to

third party employers, but instead only to home health care workers who are employed by households or family members.  (Resp. at 1-2, 6-9.)

As previously noted, the exemption applies to "companions, casual babysitters, and domestic employees employed by households or family members to perform duties in private residences, . . . ." 7 Colo. Code Regs. § 1103-1:5.  Plaintiff argues that the phrase "companions, casual babysitters, and domestic employees" is conjunctive and the entire phrase, including the word companions, is modified by the phrase "employed by households or family members to perform duties in private residences."  (Resp. at 7-9.)  Defendant contends that "companions" and "casual babysitters" are occupations, whereas "domestic employees employed by household or family members" could be read as a subset of workers within the broader domestic service worker occupation.  (Reply at 11-12.)  Under Defendant's interpretation, "companions" are not required to be employed by households or family members in order to be exempt from the CWA. (*Id.*)  The court finds Defendant's interpretation of the exemption unavailing.

Defendant's reading of the provision requires ignoring the "and" that plainly follows "casual babysitters" and precedes "domestic employees."  In *Kennett,* Judge Arguello specifically addressed this question of statutory construction as applied to § 1103.5, explaining:

> Defendant's reading of the Companion Exemption [] fails to account for its grammatical structure; specifically, it fails to account for (1) the placement of commas after the terms "companions" and "casual babysitters," and (2) the fact that the word "and" appears immediately **before** "domestic employees." Moreover, if the household qualifier were interpreted to modify "domestic employees" **exclusively**, this "and"—appearing in the top-third of the list of occupations—would be either superfluous or nonsensical, particularly because the only other "and" appearing in the phrase at issue appears at the very end of the sentence.  To put it slightly differently, if Defendant's interpretation were to prevail, the Companion Exemption would require an additional "and" (but no comma) between "companions" and "babysitters": "Other exemptions are: companions **and** casual babysitters, **and** domestic employees employed by

> households or family members to perform duties in private residences...."
> However, even this reading is strained, given that the remaining occupations
> listed are separated by commas, not by the word "and" ("property managers,
> interstate drivers, driver helpers, loaders or mechanics of motor carriers, taxi cab
> drivers, and bona fide volunteers.")  The only grammatically sound reading of the
> statute, then, dictates that the household qualifier is equally applicable to the
> antecedents "companions" and "casual babysitters" as it is to "domestic
> employees."

*Id.* at \*7 (emphasis in original).  The court explained that it is a "well-established canon of statutory construction that '[w]hen a referential or qualifying clause follows several words or phrases and is applicable as much to the first word or phrase as to the others in the list, ...the clause should be applied to all of the words or phrases that preceded it.'" *Id.* at \*8 (quoting *Estate of David v. Snelson*, 776 P.2d 813, 818 (Colo. 1989) (citing 2A N. Singer, Statutes and Statutory Construction § 47.33, at 245 (4th ed. 1984)).

The court also examined other cases in which courts had applied the same statutory construction on similar phrases in other statutes.

In *Estate of David*, the Colorado Supreme Court applied this canon and held that the qualifying phrase "under the laws of this state or of any other jurisdiction" modified "a final decree of adoption" in addition to "an order terminating the parent-child relationship," in the following statutory phrase:

> An adopted person is the child of an adopting parent ... except to
> the extent that inheritance rights have been divested by a final
> order of relinquishment, **a final decree of adoption, or an order
> terminating the parent-child relationship under the laws of this
> state or of any other jurisdiction.**

776 P.2d at 816 (emphasis added).  Similarly, the Colorado Court of Appeals applied this canon in *People in Interest of M.W.*, 796 P.2d 66, 68 (Colo. App. 1990), and held that the phrase, "to the degree necessary to adequately represent the child," applied to all of the preceding duties itemized for a guardian ad litem, not just to the guardian ad litem's duty to "participate further in the proceedings," in the following statutory provision:

> [The Guardian Ad Litem] shall make such further investigations as
> he deems necessary to ascertain the facts and shall talk with or
> observe the child involved, examine and cross-examine witnesses
> in both the adjudicatory and dispositional hearings, introduce and
> examine his own witnesses, make recommendations to the court
> concerning the child's welfare, appeal matters to the court of
> appeals or the supreme court, **and** participate further in the
> proceedings **to the degree necessary to adequately represent the
> child**.

*Id.* (emphasis in original).  The court agrees with the reasoning of the decision in *Kennett* and

finds that the plain language of the CWA's companion exemption dictates that it does not extend

to third-party employers.

Similar to the defendant in *Kennett*, Defendant relies on Opinion Letters issued by then-

Director of the Division of Labor, Michael J. McArdle, in 2006 and 2012 wherein he responded

to inquiries regarding the interpretation and application of the CWA's companion exemption.[3]

(Doc. Nos. 15-9, 15-10.)  In the Opinion Letter, Director McArdle purportedly set forth the

Colorado DOL's position that the CWA's companion exemption should be interpreted in the

same manner as the companion exemption found in the Fair Labor Standards Act ("FLSA").

(Doc. Nos. 15-10 at 2.)  The DOL states, in relevant part:

> It is the belief of the Division that the treatment and interpretation of the
> companions exemption in the Wage Order was intended to the [sic] mirror the
> companions [sic] definition and associated regulations contained in federal law;
> this position has remained unchanged by the Division since the promulgation of
> Wage Order 22 in 1998. . . . [I]t is the Division's enforcement policy that the
> practice of applying the companionship exemption in situations involving third
> party employers is acceptable under Colorado Minimum Wage Order Number 22.

(Doc. No. 15-10 at 2.)

---

[3] The 2012 Letter is identical, including typographical errors, to that issued in 2006 and was
clearly copied and submitted in response to an additional inquiry.  (Doc. Nos. 15-9, 15-10.)  In
the interest of clarity, as the Letters are identical, the court refers only to the earlier of the two in
its analysis.  (Doc. No. 15-10.)

Rather than relying on its own companion definition included in the DOL's Advisory Bulletin and Resource Guide, *supra*, the DOL states, "For a definition of companions and companionship services for purposes of the Wage Order, the Division generally refers to the U.S. Department of Labor's regulations, 29 C.F.R. § 552.6." (*Id.*)  It further provides,

> The Division also generally refers to U.S. Department of Labor regulations in regards to companions and third party employers for purposes of the Wage Order. 29 C.F.R. § 552.109(a) provides the following:  Employees who are engaged in providing companionship services, as defined in § 552.6, and who are employed by an employer or agency other than the family or household using their services, are exempt from the Act's minimum wage and overtime pay requirements by virtue of section [213(a)(15) ].  Assigning such an employee to more than one household or family in the same workweek would not defeat the exemption for that workweek, provided that the services rendered during each assignment come within the definition of companionship services.

(*Id.*)

With regard to administrative agencies, such as the DOL, the court generally gives "deference to an 'interpretation of a statute or regulation by the agency charged with its administration.'" *Developmental Pathways v. Ritter*, 178 P.3d 524 (Colo. 2008) (quoting *Stell v. Boulder Cnty. Dep't of Soc. Servs.*, 92 P.3d 910, 915–16 (Colo. 2004)). However, an interpretation that is inconsistent with the plain meaning of the regulation is not entitled to deference.  *Rags Over the Arkansas River, Inc. v. Colo. Parks and Wildlife Bd.*, 360 P.3d 186, 192 (Colo. App. 2015).  "[W]e may reject an agency's interpretation of its regulations if the language of the regulation compels a different meaning.  . . . Indeed, where a regulation plainly requires a different interpretation, '[t]o defer to the agency's position would be to permit the agency, under the guise of interpreting a regulation, to create de facto a new regulation.'"  *Id.* (quoting *Christensen v. Harris Cnty.*, 529 U.S. 576, 588 (2000).  *See also* Colo. Rev. Stat. § 24-4-106(7) (providing that

a court shall not sustain agency actions that are "contrary to law"). *See also Arapahoe Cnty. Pub. Airport Auth. v. Centennial Exp. Airlines, Inc.,* 956 P.2d 587, 592 (Colo. 1998) (concluding that an opinion letter issued by the United States Department of Transportation regarding the issue of federal preemption was not entitled to deference because it was "brief," "contained no [relevant] analysis," and failed to cite cases for its legal conclusions).

Based on a reading of the Letter, it is difficult to conclude that the DOL was even interpreting the CWA's companion exemption.  The DOL never references, much less analyzes, the CWA provisions, regulations or guidelines related to its companion exemption.  Instead, it refers exclusively to FLSA provisions related to the federal companion exemption.  Yet, the FLSA and the CWA differ significantly in this regard.

The FLSA explicitly provides that its companion exemption applies to third-party employers, *see* 29 C.F.R. § 552.109(a)[4], while the CWA's companion exemption contains no such language and instead, specifically indicates otherwise.  7 Colo. Code Regs. § 1103-1:5.  The DOL never analyzes the CWA exemption before it conclusively states that it is intended to mirror that of the FLSA, in spite of the fact that the CWA's exemption and related regulations do not contain any language indicating an intention of adopting or mirroring its federal counterpart.

The Letter contains no analysis, no reasoning and not even an acknowledgement of the differences between the two laws.  Based on a reading of the Letter, it is not even clear that Mr.

---

[4] 29 C.F.R. § 552.109 has since been amended, effective January 1, 2015, to specifically provide that the companion exemption does not apply to third party employers. *See* 29 C.F.R. § 552.109(a).

McArdle was aware the state and federal laws differed.[5]  Opinion letters are only entitled to the amount of deference the agency earns in its analysis therein and the court finds that the DOL's Opinion Letter is not entitled to deference.  *See Kennett*, 2015 WL 5608132, at *9 ("[S]uch letters may serve as 'guidance' and 'persuasive authority' and are entitled to the deference that the agency earns in its analysis—based on the thoroughness of the evaluation, the validity of the reasoning, and any other factors which a court finds relevant." (*Skidmore v. Swift & Co.*, 323 U.S. 143, 140 (1944); *McGraw v. Barnhart*, 450 F.3d 493, 501 (10th Cir. 2006)).

Under a plain reading of CWA's companion exemption, the court finds that it does not apply to third-party employers, like Defendant.  Therefore, Plaintiff's claim and class claim should proceed.

Accordingly, it is

ORDERED that "Defendant's Motion to Dismiss Plaintiff's Class Claim or, in the Alternative, to Strike Plaintiff's Class Claim" (Doc. No. 15) is **DENIED.**

Dated this 17th day of March, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[5]  Additionally, each Letter contains the same disclaimer, indicating, *inter alia*, "The position of the Division may [] change over time.  This position is not legal advice, and the opinion of attorneys and the judicial system may differ."  (Doc. No. 15-10 at 3.)