IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–01372–KMT

THERESA JORDAN, individually and on behalf of the Proposed Colorado Rule 23 Class,

    Plaintiff,

v.

MAXIM HEALTHCARE SERVICES, INC.,

    Defendant.

---

## ORDER

---

This matter is before the court on "Defendant's Motion for Certification of Questions of Law to the Colorado Supreme Court" (Doc. No. 37), to which Plaintiff has responded (Doc. No. 44) and Defendant has replied. (Doc. No. 45). Defendant has also filed "Defendant's Motion to Stay Pending the Court's Ruling on Maxim's Motion to Dismiss and/or Motion for Certification of Questions of Law to the Colorado Supreme Court and Request for Expedited Ruling" (Doc. No. 48), to which Plaintiff has responded (Doc. No. 54) and Defendant has replied. (Doc. No. 55.)

In its Motion for Certification, Defendant requests, pursuant to Colo. App. R. 21.1, the court certify to the Colorado Supreme Court two questions related to the companion exemption under the Colorado Wage Act ("CWA"). First, whether the CWA applies to "third party employers and household employers alike." (Doc. No. 37 at 2.) Second, whether the companion

exemption "permits covered employees to perform some measure of 'general household work' as part of their duties." (*Id.*)

Recently, the defendant in *Kennett v. Bayada Home Health Care*, Case No. 14-cv-2005-CMA-MJW requested the court certify to the Colorado Supreme Court the question of whether the CWA's companion exemption applies to third-party employers. (*Kennett*, Case No. 14-cv-2005-CMA-MJW, Doc. No. 66.)  On March 16, 2016, Judge Christine M. Arguello indicated that the court would grant the defendant's motion "because it believes that allowing the Colorado Supreme Court to decide this state law question is ultimately the most efficient and economical way to proceed, particularly in light of the determinative impact that the answer would have in this case and other cases." (*Kennett*, Case No. 14-cv-2005-CMA-MJW, Doc. No. 68.)  The court provided the parties until March 30, 2016 to confer and agree on the specific language of the question to be certified. (*Id.*)

As the parties herein are aware, this court has ruled that the companion exemption does not apply to third party employers. (*See generally* Doc. No. 59.)  *See also Kennett v. Bayada Home Health Care, Inc.*, __ F. Supp. 3d __, 2015 WL 5608132 (D. Colo. 2015).  Therefore, the court has not had cause to consider Defendant's second proposed question.  Although the defendant in *Kennett* only requested certification of the question regarding application of the companion exemption to third party employers, the Colorado Supreme Court's ruling in that regard could resolve the issues presented in this case in their entirety.  Therefore, the court agrees to stay the present matter until the Colorado Supreme Court rules on the requested certification in *Kennett*.  The court notes that the plaintiffs in *Kennett* share counsel with Plaintiff in this case.

Thus, requiring notification following a ruling from the Colorado Supreme Court should be efficient.

Accordingly, it is

**ORDERED** that "Defendant's Motion for Certification of Questions of Law to the Colorado Supreme Court" (Doc. No. 37) is **DENIED as moot**.  It is further

**ORDERED** that "Defendant's Motion to Stay Pending the Court's Ruling on Maxim's Motion to Dismiss and/or Motion for Certification of Questions of Law to the Colorado Supreme Court and Request for Expedited Ruling" (Doc. No. 48) is **GRANTED**.  This case is stayed pending a ruling from the Colorado Supreme Court on the questions presented through certification in *Kennett v. Bayada Home Health Care, Inc.*, Case No. 14-cv-2005-CMA-MJW. The parties shall file a Joint Status Report in this case within seven (7) days of the same.

Dated this 17th day of March, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge