IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–01372–KMT

THERESA JORDAN, individually and on behalf of the Proposed Colorado Rule 23 Class,

　　Plaintiff,

v.

MAXIM HEALTHCARE SERVICES, INC.,

　　Defendant.

# ORDER

This matter is before the court on "Defendant's Motion for Reconsideration of Motion for Certification of Questions of Law to the Colorado Supreme Court and Request for Telephone Conference." (Doc. No. 61, filed April 1, 2016.)

"A motion to reconsider must do two things: First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). The three main grounds that justify reconsideration are "(1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider must, "among other things, present matter that is material and of such importance that it would likely alter the outcome. . . ." *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991).

In its Motion for Certification, Defendant requested the court certify to the Colorado Supreme Court two questions related to the companion exemption under the Colorado Wage Act ("CWA"). First, whether the CWA's exemption applies to "third party employers and household employers alike." (Doc. No. 37 at 2.) Second, whether the exemption "permits covered employees to perform some measure of 'general household work' as part of their duties." (*Id.*)[1]

As noted in this court's order denying Defendant's request to certify, the defendant in *Kennett v. Bayada Home Health Care*, Case No. 14-cv-2005-CMA-MJW requested the court certify to the Colorado Supreme Court the question of whether the CWA's companion exemption applies to third-party employers. (*Kennett*, Case No. 14-cv-2005-CMA-MJW, Doc. No. 66.) On March 16, 2016, Judge Christine M. Arguello indicated the court would grant the defendant's motion. (*Kennett*, Case No. 14-cv-2005-CMA-MJW, Doc. No. 68.) The parties in *Kennett* have conferred, as instructed by the court, and submitted a Joint Statement setting out the specific language of the question to be certified. (*Kennett*, Case No. 14-cv-2005-CMA-MJW, Doc. No. 70.)

This court previously explained that although the defendant in *Kennett* only requested certification of the question regarding application of the companion exemption to third party employers, the Colorado Supreme Court's ruling in that regard could resolve the issues presented in this case in their entirety. The court agreed to stay the present matter until the Colorado Supreme Court rules on the requested certification in *Kennett*.

---

[1] This court previously ruled that the companion exemption does not apply to third party employers. (*See generally* Doc. No. 59.) *See also Kennett v. Bayada Home Health Care, Inc.*, __ F. Supp. 3d __, 2015 WL 5608132 (D. Colo. 2015). Therefore, the court has not had cause to consider Defendant's second proposed question.

Defendant now requests the court reconsider its decision denying Defendant's request to certify both questions. In support, Defendant states that both of its proposed questions are undecided in Colorado state courts and could prove dispositive of the issues presented herein. Defendant also argues that allowing concurrent certification would allow it and Plaintiff in this matter to participate in the proceedings before the Colorado Supreme Court rather than being relegated to "sitting on the sidelines." (Doc. No. 61 at 4.)[2] While the court appreciates Defendant's position, these arguments do not present new material of such importance that the court would reconsider the basis of its initial decision. *See Aldrich Enters, Inc.*, 938 F.2d at 1143. The fact remains that should the Colorado Supreme Court find the CWA's companion exemption does not apply to third party employers, Defendant's proposed second question is irrelevant, and the ruling would resolve the issues presented in this case in their entirety.

Accordingly, it is

**ORDERED** that "Defendant's Motion for Reconsideration of Motion for Certification of Questions of Law to the Colorado Supreme Court and Request for Telephone Conference" (Doc. No. 61) is **DENIED**.

Dated this 6th day of April, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[2] Plaintiff has indicated she opposes Defendant's Motion for Reconsideration. (Doc. No. 61 at 5.)